UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **FREESCALE SEMICONDUCTOR, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ANALOG DEVICES, INC.,** <br><br> **Defendant.** | CIVIL ACTION NO. 1:04CV0404 <br><br> JURY TRIAL DEMANDED |

### AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Freescale Semiconductor, Inc., by its attorneys, complains against Analog Devices, Inc., and alleges as follows:

#### Parties

1. Plaintiff Freescale Semiconductor, Inc. ("Freescale") is a corporation organized under the laws of the State of Delaware with its principal place of business at 6501 William Cannon Drive, Austin, Texas 78737. Freescale markets and sells semiconductor products throughout the United States, including within this District.

2. Defendant Analog Devices, Inc. ("ADI") is a corporation organized under the laws of the State of Massachusetts, with its principal place of business at One Technology Way, Norwood, MA 02062, and may be served by and through its agent for service of process, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. ADI markets and sells semiconductor products throughout the United States, including within this District.

#### Jurisdiction and Venue

3. This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## The Patents

5.      United States Patent No. 5,040,144, invented by Perry Pelley, entitled "Integrated Circuit with Improved Power Supply Distribution" (the "Pelley Patent"), was duly and legally issued by the United States Patent and Trademark Office on August 13, 1991. A copy of the Pelley Patent is attached hereto as Exhibit A.

6.      United States Patent No. 4,758,945, invented by James J. Remedi, entitled "Method for Reducing Power Consumed by a Static Microprocessor" (the "Remedi Patent"), was duly and legally issued by the United States Patent and Trademark Office on July 19, 1988. A copy of the Remedi Patent is attached hereto as Exhibit B.

7.      United States Patent No. 5,084,814, invented by John J. Vaglica, Jay A. Hartvigsen, and Rand L. Gray, entitled "Data Processor with Development Support Features" (the "Vaglica Patent"), was duly and legally issued by the United States Patent and Trademark Office on January 28, 1992. A copy of the Vaglica Patent is attached hereto as Exhibit C.

8.      United States Patent No. 4,279,947, invented by John C. Goldman, Larry D. McMillan, and James B. Price, entitled "Deposition of Silicon Nitride" (the "Goldman Patent"), was duly and legally issued by the United States Patent and Trademark Office on July 21, 1981. A copy of the Goldman Patent is attached hereto as Exhibit D.

9.      Freescale is the owner of all rights, title and interest in and to the Pelley, Remedi, Vaglica, and Goldman Patents (the "Freescale Patents").

## Background

10.     The Freescale Patents cover inventions relating to electrical circuits, semiconductor processing and semiconductor chip design.

11.     The Defendant has, without authorization, made, used, offered for sale, sold, and/or imported within the United States products covered by the Freescale Patents.

12.     The Defendant has had actual and/or constructive notice and knowledge of the Freescale Patents. The filing of this Complaint also constitutes notice in accordance with 35

U.S.C. § 287. Despite such notice, the Defendant continues to make, use, offer for sale, sell, and/or import within the United States products covered by the Freescale Patents.

## Count I

13. Plaintiff repeats and realleges the allegations in paragraphs 1-12.

14. On information and belief, the Defendant has infringed, and/or induced infringement of and/or contributed to the infringement of the Pelley Patent by making, using, offering for sale, selling, and/or importing within the United States products that incorporate the invention of the Pelley Patent.

15. As used in paragraph 13 above, the phrase "products that incorporate the invention of the Pelley Patent" does not include ADSP-21062 processors.

16. On information and belief, the Defendant's infringement of the Pelley Patent has been willful. The Defendant's continued infringement of the Pelley Patent has damaged and will continue to damage Plaintiff.

17. On information and belief, the Defendant's infringement of the Pelley Patent has caused and will continue to cause Plaintiff irreparable harm unless enjoined by the Court. Plaintiff has no adequate remedy at law.

## Count II

18. Plaintiff repeats and realleges the allegations in paragraphs 1-12.

19. On information and belief, the Defendant has infringed, and/or induced infringement of and/or contributed to the infringement of the Remedi Patent by making, using, offering for sale, selling, and/or importing within the United States products that incorporate the invention of the Remedi Patent.

20. As used in paragraph 18 above, the phrase "products that incorporate the invention of the Remedi Patent" does not include ADSP-21XX family processors or products that incorporate an ADSP-21XX Processor or ADSP-21XX Processor Core that implement the power down or an equivalent feature.

21. On information and belief, the Defendant's infringement of the Remedi Patent has been willful. The Defendant's continued infringement of the Remedi Patent has damaged and will continue to damage Plaintiffs.

22. On information and belief, the Defendant's infringement of the Remedi Patent has caused and will continue to cause Plaintiff irreparable harm unless enjoined by the Court. Plaintiff has no adequate remedy at law.

### Count III

23. Plaintiff repeats and realleges the allegations in paragraphs 1-12.

24. On information and belief, the Defendant has infringed, and/or induced infringement of and/or contributed to the infringement of the Vaglica Patent by making, using, offering for sale, selling, and/or importing within the United States products that incorporate the invention of the Vaglica Patent.

25. As used in paragraph 23 above, the phrase "products that incorporate the invention of the Vaglica Patent," does not include AD 6522, AD 6526, AD 6528, or products that include ARM7TDMI processor cores.

26. On information and belief, the Defendant's infringement of the Vaglica Patent has been willful. The Defendant's continued infringement of the Vaglica Patent has damaged and will continue to damage Plaintiff.

27. On information and belief, the Defendant's infringement of the Vaglica Patent has caused and will continue to cause Plaintiff irreparable harm unless enjoined by the Court. Plaintiff has no adequate remedy at law.

### Count III

28. Plaintiff repeats and realleges the allegations in paragraphs 1-12.

29. On information and belief, the Defendant has infringed, and/or induced infringement of and/or contributed to the infringement of the Goldman Patent by making, using, offering for sale, selling, and/or importing within the United States products that incorporate the invention of the Goldman Patent.

30. As used in paragraph 29 above, the phrase "products that incorporate the invention of the Goldman Patent," does not include products with a LOCOS or trench isolation region formed by the same or similar processes as those used to form such regions in the following ADI products: ADSP-21062-KS160 SHARC DSP, AD 9764 D/A CONVERTER, AD 7839 XS D/A CONVERTER, AD 7873A A/D CONVERTER, AD 9826 SIGNAL PROCESSOR, AD 80014A SIGNAL PROCESSOR, AD 80017 SIGNAL PROCESSOR, ADP 3160 SWITCHING REGULATOR.

31. On information and belief, the Defendant's infringement of the Goldman Patent has been willful. The Defendant's continued infringement of the Goldman Patent has damaged and will continue to damage Plaintiff.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Adjudge that the Defendant is infringing the Pelley, Remedi, and Vaglica Patents and has infringed the Freescale Patents;

B. Adjudge that the Defendant's infringement of the Freescale Patents was willful, and that Defendant's continued infringement of the Pelley, Remedi, and Vaglica Patents is willful;

C. Enter an order preliminarily and permanently enjoining the Defendant from any further acts of infringement of the Pelley, Remedi, and Vaglica Patents;

D. Award Plaintiff damages in an amount adequate to compensate Plaintiff for the Defendant's infringement of the Freescale Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

E. Enter an order trebling any and all damages awarded to Plaintiff by reason of the Defendant's willful infringement of the Freescale Patents, pursuant to 35 U.S.C. § 284;

F. Enter an order awarding Plaintiff interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

    G.    Enter an order finding that this is an exceptional case and award Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

    H.    Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: _August 5, 2004

        /s/ J. Thad Heartfield
J. Thad Heartfield (Texas State Bar No. 09346800)
HEARTFIELD & MCGINNIS, L.L.P.
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (409) 866-3318
Fascimile: (409) 866-5789

OF COUNSEL:

Victor G. Savikas
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, CA 90013-1025
Telephone: (213) 243-2451
Facsimile: (213) 243-2539

David L. Witcoff
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 269-4259
Facsimile: (312) 782-8585

Michael J. Newton
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 969-4869
Facsimile: (214) 969-5100

Attorneys for Plaintiff
FREESCALE SEMICONDUCTOR, INC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document, *AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF*, has been served upon all counsel of record, as identified and indicated below, on August 5, 2004:

*Via Federal Express to:*
Michael Richardson
Beck, Redden & Secrest, L.L.P.
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010

*Via Federal Express to:*
Stephen M. Muller
Hale & Dorr, L.L.P.
60 State Street
Boston, Massachusetts 02109

*Via e-mail to:*
Stephen M. Muller (stephen.muller@haledorr.com)
Wayne Stoner (wayne.stoner@haledorr.com)
Gregory Teran (gregory.teran@haledorr.com)
Patricia Slentz-Howard (patricia.slentz-howard@haledorr.com)
Richard Goldenberg (richard.goldenberg@haledorr.com)
Michael Richardson (mrichardson@brsfirm.com)

/s/ J. Thad Heartfield
_____
J. Thad Heartfield